132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Forest BAILEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-4008.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1997.*
Decided Dec. 29, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 87 2R 276; Ann Claire Williams, Judge.
 
 ORDER
 
 1
 After his release from prison, where he had been confined for mail fraud and related offenses, see United States v. Neely, 980 F.2d 1074 (7th Cir.1992), Forest Bailey sought a writ in the nature of coram nobis. The district court docketed this request as a motion in the criminal case, but in this court the parties have properly treated it as an independent civil action.
 
 
 2
 The district judge denied the petition and entered a judgment in October 1995. Bailey filed a notice of appeal on November 25, 1996, approximately 13 months later. The time for filing a notice of appeal in a civil action to which the United States is a party is 60 days, see Fed. R.App. P. 4(a)(1), to which 30 days may be added on account of "excusable neglect or good cause". Fed. R.App. 4(a)(5). Bailey did not seek any additional time from the district court, so his notice of appeal is approximately 11 months late, and the appeal must be dismissed.
 
 
 3
 Bailey tells us that he did not learn of the adverse judgment until September 26, 1996. We may assume that this is so, but it does not affect the jurisdictional question. Rule 4(a)(6) establishes the procedure for cases of late notice:
 
 
 4
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice, from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 5
 Bailey did not use this procedure within 7 days of acquiring actual knowledge (indeed, did not use it at all), the district court did not enter an order reopening the appeal period, and at all events the appeal was filed well after the 180-day outer limit for action. The appeal is dismissed for want of jurisdiction.
 
 
 
 *
 This appeal from post-conviction proceedings has beer assigned to the panel that heard the direct appeal from the conviction. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed. R.App.P. 34 a ar. P. 34(f)